IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAUREL MOUNTAIN MIDSTREAM )
OPERATING, LLC, )
      Plaintiff, )
 )
    v. ) Civil Action No. 10-1658
 )
EMERY D. ANDEN, JR., ET UX., )
      Defendants. )

MEMORANDUM

Gary L. Lancaster,                                    December 2, 2011
Chief Judge.

       This is an action in contract. Plaintiff, Laurel Mountain Midstream ("LMM"), alleges that defendants, Emery and Carol Anden ("the Andens"), refuse to grant LMM permission to install a pipeline, thereby violating an agreement between the Andens and LMM's predecessor in interest, Atlas America, Inc. Plaintiff seeks a permanent injunction.

       The court noted <u>sua sponte</u> the possible absence of diversity of the parties, and directed plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. [Doc. No. 31]. In response to the show cause order, LMM presented the court with information about the membership of LMM at the time the suit was filed. [Doc. No. 32].

For the reasons set forth below, the court will dismiss the suit for lack of subject matter jurisdiction.

I. BACKGROUND

LMM filed a complaint against the Andens, both citizens of Pennsylvania, on December 13, 2010, and made a motion for a temporary restraining order (TRO) on the same day. This court granted LMM's TRO motion, allowing LMM to enter the Anden's property for the purpose of inspecting and constructing a pipeline, and requiring LMM to compensate the Andens pursuant to the parties' prior agreement. The Andens later filed an answer to LMM's complaint, seeking to prevent enforcement of the agreement.

During a status conference, the court noted sua sponte the possible absence of diversity of the parties, because the citizenship of LMM had not been conclusively established. Thereafter, the court directed LMM to show cause as to why the suit should not be dismissed for lack of subject matter jurisdiction. LMM filed a response, providing information about the ownership of LMM on December 13, 2010, the date the suit was filed. [Doc. No. 32].

## II. STANDARD OF REVIEW

Even if the parties do not challenge subject matter jurisdiction, the court is obligated to address the question sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999)(abrogated on other grounds); see also Fed. R. Civ. P. 12(h)(3).

This court's jurisdiction to hear cases in diversity arises under 28 U.S.C. § 1332(a), which provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Complete diversity is required; no plaintiff may be a citizen of the same state as any defendant. See Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005). The plaintiff bears the burden of proving the federal court has jurisdiction. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

## III. DISCUSSION

The issue is whether LMM's claim must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

All challenges to subject matter jurisdiction based on diversity of citizenship depend on the state of facts existing at the time of filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) (describing the long-established "time-of-filing" rule).

The citizenship of a limited liability company is based on the citizenship of all its members. Zambelli Fireworks Mfg. v. Wood, 592 F.3d 412, 418-19 (3d Cir. 2010). Similarly, the citizenship of a limited partnership is based on the citizenship of all the entity's members. Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990). Although limited liability companies and limited partnerships possess some characteristics of a corporation, neither the Supreme Court nor Congress has extended the jurisdictional rule for corporations to include alternative forms of business organizations. See id. at 189, 196-97; Inergy Propane, LLC v. Lortz & Sons Mfg. Co., No. 10-cv-781, 2010 WL 3034196 at *2 (N.D. Ill. Aug. 2, 2010)(applying the rule of Carden to a limited limited liability company). The citizenship of an unincorporated association must be traced through however many layers of members there may be, in order to determine the association's citizenship. Zambelli, 591 F.3d at 420.

The Andens are citizens of Pennsylvania. According to LMM, when LMM filed suit against the Andens on December 13,

4

2010, the two members of LMM were Atlas Pipeline Laurel Mountain, LLC ("Atlas") and Williams Laurel Mountain, LLC ("Williams"). [Doc. No. 32 at 1].

The citizenship of LMM, as a limited liability company, is based on the citizenships of all its members. Zambelli, 591 F.3d at 418-19. Therefore, the court must determine the citizenship of Atlas and Williams. Because neither entity is a corporation, the state of incorporation and the principal place of business are not relevant to the inquiry; the court must determine the citizenship of all the members of each of the two limited liability companies.

According to LMM, the sole member of Williams is Williams Field Services Group, another limited liability company. The sole member of Williams Field Services Group is Williams Partners Operating, another limited liability company. The sole member of Williams Partners Operating, LLC is Williams Partners LP, a limited partnership. The general partner of Williams Partners LP is Williams Partners GP, a limited liability company. One limited partner of Williams Partners LP is Williams Partners Holdings, LLC. However, other limited partner units of Williams Partners LP are publicly traded. [Doc. No. 32 at 1-2]. LMM was unable to determine the owners of the publicly traded limited partner units of Williams Partners LP on

December 13, 2010. [Id. at 2]. LMM provided no information on the citizenship of Williams Partners GP.

LMM provided no information on the citizenship of Atlas on December 13, 2010; therefore, Atlas' citizenship has not been clearly established. Although not dispositive, the court notes that defendants assert that Atlas had its principal place of business in Moon Township and LMM concedes that the Atlas group of companies operated energy projects out of an office in Moon Township, Pennsylvania. [Doc. Nos. 29, 30]. The company's presence in Pennsylvania suggests that members of Atlas are likely to be Pennsylvania citizens.

LMM has failed to show that all of Williams Partners LP, both general and limited, are not citizens of Pennsylvania, and that the members of Atlas are not citizens of Pennsylvania. Therefore, plaintiff has not satisfied its burden of proof and subject matter jurisdiction predicated on diversity of citizenship has not been established.

IV. CONCLUSION

Accordingly, we conclude that the court will dismiss the suit without prejudice to LMM's right to refile in state court, for lack of subject matter jurisdiction. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAUREL MOUNTAIN MIDSTREAM )
OPERATING, LLC, )
        Plaintiff, )
)
    v. ) Civil Action No. 10-1658
)
EMERY D. ANDEN, JR., ET UX., )
        Defendants. )

ORDER

AND NOW, this 2nd day of December, 2011, upon consideration of Laurel Mountain Midstream Operating LLC's ("LMM") response to the Order to Show Cause, and all other papers of record, IT IS HEREBY ORDERED that the LMM's action is dismissed without prejudice to the parties' right to fully litigate these matters in the state court.

BY THE COURT:

_____, C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record